FILED
United States Court of Appeals
Tenth Circuit

February 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

MARVIN K. SHUE,

     Petitioner - Appellant,

v.

STEVE HARGETT, WARDEN,
WYOMING MEDIUM CORRECTIONAL
INSTITUTE,

     Respondent - Appellee.

No. 14-8078
(D.C. No. 2:14-CV-00082-NDF)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND
DISMISSING APPEAL**

_____

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

_____

Marvin Shue, a Wyoming state prisoner appearing pro se, seeks to appeal the

district court's denial of his 28 U.S.C. § 2254 petition, which raised three claims of

ineffective assistance of counsel.  The district court first held Shue's first and third claims

were procedurally defaulted for failure to exhaust state remedies.  The court then held

that, although Shue's second claim was not defaulted, it lacked merit.  The district court

also denied Shue a certificate of appealability ("COA").  Shue now asks us to grant him a

COA and moves to proceed _In Forma Pauperis_.  We construe pro se filings liberally.

See Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).  Even so, for substantially

the reasons stated by the district court, we deny Shue's motion for a COA, dismiss his appeal, and deny as moot his motion to proceed *In Forma Pauperis*.

At the outset, we note that the district court properly concluded Shue's first claim (ineffective assistance of appellate counsel) and third claim (that his guilty plea was coerced and thus not knowing and voluntary) were procedurally defaulted for failure to exhaust state court remedies. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Shue's COA application nowhere asserts he exhausted these claims. We therefore see no reason to debate the district court's procedural ruling barring these claims as unexhausted.

Moving on, the following facts are relevant to Shue's second ineffective assistance claim, which the district court rejected on the merits. On March 11, 2011, Shue entered into a written plea agreement whereby he agreed to plead guilty to first degree sexual abuse of a minor under thirteen years of age in exchange for a recommended sentence of twelve to twenty-two years. On April 1, 2011, Shue found out that he had been awarded $250,000 in a personal injury action. Shue then purportedly asked his public defender about using the proceeds from this suit to obtain a suspended or lesser sentence. After this alleged conversation, on April 13, 2011, the public defender spoke to the mother of Shue's victim and offered her $15,000 in "future restitution" in exchange for the mother's

agreement to recommend to the court that Shue receive a suspended sentence. This "future restitution" was conditioned on the Laramie County District Attorney agreeing to recommend a suspended sentence. Before sentencing, the victim's mother reported the public defender's offer to the District Attorney, and the public defender was fired. Nevertheless, the public defender agreed to represent Shue at sentencing for $2,500. At Shue's May 26 sentencing hearing, the state district court stated that it was aware of the bribery allegations, but said that it did not consider this in sentencing. The state court then sentenced Shue to twelve to twenty-two years in prison in accordance with the terms of his plea agreement.

Shue claims that his public defender provided him ineffective assistance by attempting to bribe the victim's mother in exchange for a recommendation of a lesser sentence. "Where a district court has rejected the constitutional claims on the merits, the showing required [for a COA] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. To establish ineffective assistance of counsel, a petitioner must show (1) that his counsel's representation was deficient, and (2) that this deficiency resulted in prejudice to the defense. See Strickland v. Washington, 466 U.S. 668, 691–92 (1984). In order to show prejudice, Shue "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The district court agreed that the public defender's attempt to bribe the victim's mother was per se deficient conduct, but ultimately rejected Shue's ineffective assistance

claim because he could not show how he was prejudiced by the deficient conduct. Shue maintains that it "is axiomatic" that he was prejudiced by his public defender's deficient conduct. Not so. Shue entered into his plea agreement weeks before he was even aware of his personal injury money award, and nearly a month before his public defender attempted to use some of that award money to bribe the victim's mother. Moreover, the sentencing court stated that it would not consider the bribery allegations in sentencing Shue and imposed the same sentence Shue had agreed to in his plea agreement. As such, Shue cannot show a reasonable probability that, but for his counsel's post-plea bribery attempt, the result of his proceeding would have been different. We fail to see how reasonable jurists could debate such a conclusion.

Thus, for substantially the same reasons stated in the district court's order, we find Shue has not made the requisite showing for a COA. Accordingly, Shue's request for a COA is DENIED, his appeal is DISMISSED, and his motion to proceed *In Forma Pauperis* is DENIED as moot.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

-4-